**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 98-4682

ALLEN WAYNE BENNETT,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, Senior District Judge.
(CR-94-149)

Submitted: March 2, 1999

Decided: April 22, 1999

Before WILKINS and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Brian J. Kornbrath, Assis-
tant Federal Public Defender, Charleston, West Virginia, for Appel-
lant. Rebecca A. Betts, United States Attorney, Monica K. Schwartz,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Allen Wayne Bennett appeals from the twenty-four-month sentence he received after the district court revoked his term of supervised release. He alleges that the court erroneously sentenced him to the maximum statutory penalty because it mistakenly believed that it did not have the authority to impose a lower sentence or another term of supervised release. Finding no error, we affirm.

Bennett was originally convicted of aiding and abetting the possession with intent to distribute LSD, and his sentence included a three-year term of supervised release. Less than a year after beginning his term of supervised release, Bennett's probation officer filed a petition to revoke his release, alleging that Bennett had been convicted of various motor vehicle offenses, failed to report to the probation officer as directed, failed to notify the probation officer of changes in address and employment, used drugs on three separate occasions, and failed to report for urinalysis testing and substance abuse counseling.[1]

Prior to Bennett's revocation hearing, the probation officer prepared a violation worksheet. However, the probation officer erroneously stated in the worksheet that Bennett was not eligible for supervised release upon resentencing under the applicable statute.[2] It is undisputed that this statement was incorrect, and Bennett was eligible for supervised release. Bennett did not object to the worksheet at the hearing.[3] After hearing testimony and argument from counsel, the

_____

[1] Bennett admitted to all of the violations except the second one, and the Government voluntarily dismissed it.

[2] **See** 18 U.S.C. § 3583(h) (1994).

[3] In fact, the worksheet was not mentioned during the hearing by either party or the court.

2

district court revoked Bennett's supervised release and sentenced him to the statutory maximum.

Since Bennett did not challenge the content of the probation officer's worksheet at the hearing, we review his claim for plain error and find none. See United States v. Olano, 507 U.S. 725, 732-37 (1993); United States v. Grubb, 11 F.3d 426, 440 (4th Cir. 1993). Even though the worksheet contained an error, it is clear from the record that Bennett was not prejudiced. Defense counsel asked for a term of supervised release, but the court rejected the request. The record shows that the court's decision was based on its belief that the violations were serious and that Bennett needed to be incarcerated for the maximum period so that he could receive necessary drug treatment. There is nothing in the record suggesting that the court believed it lacked authority to grant counsel's request or to sentence Bennett to a shorter term of imprisonment.

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

3